# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PERSIMMON RIDGE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-25-TCK-JFJ |
| | ) |
| RYAN ZINKE, in his official capacity as | ) |
| Secretary of the United States Department of | ) |
| Interior UNITED STATES BUREAU OF | ) |
| INDIAN AFFAIRS, an agency within the | ) |
| United States Department of Interior; and | ) |
| WELDON LOUDERMILK, in his official | ) |
| capacity as Director of the United States | ) |
| Bureau of Indian Affairs, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the Motion to Alter and Amend Court's Opinion and Order and Vacate Judgment filed by Plaintiff, Persimmon Ridge, LLC ("Persimmon"). Docs. 44, 45. Defendants Ryan Zinke, in his official capacity as Secretary of the United States Department of Interior the United States Bureau of Indian Affairs ("DOI"), and Weldon Louder, in his official capacity as Director of the United States Bureau of Indian Affairs ("BIA"), oppose the motion. Doc. 48.

**I. Background**

In its Opinion and Order of September 18, 2018, the Court granted Defendants' motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Doc. 42. In so doing, the Court rejected Plaintiff's argument that it was entitled to equitable tolling of the six-

year statute of limitations set forth in 28 U.S.C. § 2401(a). *Id.* at 10. The Court also denied Plaintiff's Second Motion to Amend Complaint, finding the proposed amended complaint would be futile, because Plaintiff had failed to exhaust its administrative remedies with respect to the claim and the proposed amended complaint would therefore be subject to dismissal. *Id.* at 12.

In its Motion to Alter and Amend, Persimmon contends that:

- the Court, in its Opinion and Order, erroneously relied on *Chance v. Zinke*, 898 F.3d 1025 (10th Cir. 2018);

- the Amended Complaint's allegations of fraudulent concealment were sufficient to invoke equitable tolling of the statute of limitations at the pleading stage or class action tolling;

- the Court erred in treating older permit approvals as final agency actions; and

- the Court erred in refusing to apply class-action tolling based on *Donelson v. United States,* 14-CV-316-JHP-TLW, Doc. 45.

## II. Standard of Review

A motion to reconsider may be granted on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). In other words, when the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate. *Id.*

## III. Analysis

### A. Reliance on *Chance*

Citing *United States v. Ward*, 718 Fed. Appx. 757 (10th Cir. 2018) (*per curium*), and *Bell v. Thompson*, 545 U.S. 794, 801 (2005), Persimmon argues the Court erred in relying on *Chance* because, at the time the Court entered its order, no mandate had been issued in that case. However, neither case supports this argument. In *Ward*, the appellate court noted the case had been held in

2

abatement pending issuance of the mandate in a related case. 718 Fed. Appx. at 757. In *Bell*, the Supreme Court stated. that an appellate court has the power to reconsider its opinion. 545 U.S. at 801. Neither case, however, addressed the propriety of relying on an appellate decision before the mandate had been issued. In any event, the mandate in *Chance* was entered on January 10, 2019. 4:16-CV-549-JHP-FHM, Doc. 75.

### B. Allegations of Fraudulent Concealment

Persimmon also asserts that the Court, in ruling on the Motion to Dismiss, failed to take into account the Amended Complaint's allegations concerning fraudulent conduct by the Osage Agency. Doc. 44 at 5. In its Opinion and Order, however, the Court discussed the factual allegations upon which Persimmon based its claim of fraudulent concealment and concluded—as did the Tenth Circuit in *Chance*—that the Amended Complaint failed to allege facts establishing plaintiff had diligently pursued its rights or that any extraordinary circumstances stood in its way. Doc. 42 at 10 (citing *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012).[1]

### C. Tolling of Statute of Limitations

Persimmon contends the Court erred in rejecting its claim that it was entitled to tolling of the six-year statute of limitations found in 28 U.S.C. § 28 U.S.C. §2401(a). However, it raises no new, previously unavailable evidence or change in the controlling law, but merely argues—as it did in its response to Defendant's Motion to Dismiss—that the Amended Complaint sufficiently alleged facts warranting equitable tolling. Accordingly, the Court declines to revisit this issue.

---

[1] The Court noted that in *Chance*—as in this case—the Amended Complaint alleged plaintiff was entitled to equitable tolling of the limitations period because (1) he had never been provided notice of any federal actions which were approved or that the BIA had failed to comply with NEPA prior to approving the permit; (2) the Osage Agency knowingly concealed that the Agency was granting approval of leases, APD's and other major federal actions without conducting any site-specific environmental analysis prior to granting the approvals; and (3) the Osage Agency's concealment was part of an overall scheme to lull the public into inaction and avoid legal action. Doc. 42 at 10.

Nor is the Court persuaded by Plaintiff's argument that the filing of the putative class action *Donelson v. United States*, 14-CV-316, tolled the statute of limitation for this case under the doctrine of class action tolling. The *Donelson* plaintiffs were never certified as a class, and the Tenth Circuit ultimately affirmed the District Court's dismissal of the case, holding that the named plaintiffs lacked standing to pursue most of their claims, and that they failed to identify any specific final agency action as to claims for which they might possess standing. 730 Fed. Appx. 597, 603 (10th Cir. 2018) (unpublished).

**D. Allegation that the Opinion and Order is "Internally Inconsistent"**

Persimmon argues that the Court's September 18, 2018 Opinion and Order is "internally inconsistent" because it dismissed the Amended Complaint for failure to state a claim but denied its Motion to Amend the Amended Complaint a second time based on futility. It contends the Court could not dismiss challenges to certain approvals as barred by the applicable statute of limitations and "dismiss challenges to other approvals for failure to exhaust administrative remedies." Doc. 44 at 6-7. Persimmon's argument, however, mischaracterizes the Court's decision.

In its Opinion and Order, the Court granted Defendants' Motion to Dismiss because the Amended Complaint failed to allege facts establishing either that the alleged violations occurred after January 17, 2011 (the six-year limitations period), or that with respect to violations occurring before that date, it had diligently pursued its rights or that any extraordinary circumstances stood in its way. Doc. 42 at 10. It denied Plaintiff's Second Motion to Amend Complaint on the basis of futility. *Id.* Specifically, the proposed amended complaint described leases and applications for drilling permits approved by the Osage Agency between December 6, 2006 and May 9, 2011. It made no mention of any specific approval of leases on Persimmon's property, but rather alleged, generically, that "[s]ince the enactment of NEPA through the date of filing of the Complaint herein,

4

the Osage Superintendent approved oil and gas leases, APDs and assignments directly affecting Persimmon's property without conducting any environmental analysis." Doc. 18, ¶55. Only the May 9, 2011, approval of a drilling permit occurred after the January 17, 2011, statute of limitations date. *Id.* at 11. And Persimmon failed to exhaust its remedies with respect to the May 9, 2011, approval of the Redfork drilling permit—which is a prerequisite to filing suit against the Defendants. As a result, the claim would be subject to dismissal. As a result, its Motion to Amend was denied as futile.

Accordingly, the Court rejects Persimmon's argument that its Opinion and Order is internally inconsistent.

## IV. Conclusion

For the reasons set forth above, Plaintiff's Motion to Alter and Amend Court's Opinion and Order and Vacate Judgment (Docs. 44-45) is denied.

ENTERED this 31st day of July, 2009.

_____
TERENCE C. KERN
United States District Judge